UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
DOUGLAS THOMAS,                     :
                                    :    Civil Action No. 13-6511 (SRC)
            Petitioner,             :
                                    :
      v.                            :
                                    :
ERIC H. HOLDER, et al.,             :
                                    :    **OPINION**
            Respondents.            :
_____ :

**CHESLER, District Judge:**

This matter comes before the Court upon Petitioner's § 2241 petition ("Petition"). See ECF No. 1; ECF dated Nov. 1, 2013.

Petitioner, a native and citizen of Haiti, is under a final order of removal based on his conviction in the Northern District of Virginia in 1990. See ECF No. 1, at 3-4; ECF No. 3, at 1. On July 30, 2012, the Government directed Haiti to produce Petitioner's travel documents and, on August 19, 2013, took Petitioner into immigration custody. See ECF No. 1, at 2, 4. On October 29, 2013, Petitioner filed the Petition at bar asserting that his removal was unlikely to occur in the reasonably foreseeable future. See ECF No. 1, at 2, 4 and 7-11 (relying on Zadvydas v. Davis, 533 U.S. 678 (2001)). He asserts, in his petition, that he has been told Haiti may be issuing only 200 visas per year for the aliens awaiting removal, and thus some aliens could wait for their visas for two years. Based on this, Petitioner speculates that he could be one of those aliens, and that he might be held in immigration confinement until July 2014. See id. at 2. In the alternative, he asserts that his detention without a bond hearing was unconstitutional since there had

been a time gap between his release from the criminal custody underlying his removal and his arrest by immigration authorities. See id. at 4. On November 8, 2013, the Clerk received a letter from Petitioner stating that his removal to Haiti has become imminent, and that he seeks stay of removal. See ECF No. 3.

To the extent Petitioner raises a Zadvydas claim, it is without merit because, based on his November 8, 2013 correspondence, his removal is foreseeable. See Zadvydas, 533 U.S. at 701 ("[Only when] the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing"); see also Barenboy v. Attorney General of U.S., 160 F. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). Since Petitioner now concedes that his removal is imminent, and even his Petition recognizes that his removal would take place in July 2014 at the latest, his Zadvydas claim lacks any factual predicate.

To the extent Petitioner raises a claim based on his confinement without a bond hearing, it is: (a) devoid of any factual predicate with regard to an agency review; and (b) without merit with regard to a judicial review. Removal-period detainees like Petitioner are automatically granted periodic agency reviews as to their suitability for release on a bond. See 8 C.F.R. § 241.4(k). With regard to judicial review, even pre-removal-period aliens held in mandatory confinement have no right to a judicial bond hearing on the basis of a gap between their release from the underlying criminal custody and arrest by immigration authorities. See Sylvain v. Attorney General of U.S., 714 F.3d 150 (3d Cir.

2013). More to the point, as a removal-period detainee, Petitioner has no right to a judicial bond hearing; this is regardless of whether or not there was a gap between his immigration custody and the underlying penal detention. See Harris v. Herrey, No. 13-4365, 2013 U.S. Dist. LEXIS 104841, at *5-6 and n.3 (D.N.J. July 26, 2013) (clarifying that, while *pre*-removal-period detainees may seek the remedy of a judicial bond hearing, the habeas remedy envisioned in Zadvydas for removal-period detainees is an outright release, not a bond hearing) (citing Hany El Sayed v. Holder, No. 11-7324, 2012 U.S. Dist. LEXIS 16808, at *8, 12-14 (D.N.J. Feb. 9, 2012) (detailing the rationale of this rule); Morrison v. Elwood, No. 12-4649, 2013 U.S. Dist. LEXIS 10917, at *3 (D.N.J. Jan. 18, 2013) (same)).

Finally, to the extent Petitioner seeks stay of removal, this Court is without jurisdiction to grant Petitioner relief. Section 1252(g), as amended by the REAL ID Act, Pub L. No. 109-13, 119 Stat. 231 (2005), explicitly bars judicial review by district courts of, inter alia, removal orders. See Chehazeh v. AG of the United States, 666 F.3d 118, 134 (3d Cir. 2012) (relying on Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999)).

Therefore, Petitioner's original claims, as well as the application made in his recent letter, will be dismissed with prejudice.[1]  An appropriate Order follows.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: November 26, 2013

---

[1] Since Petitioner's order of removal finalized long ago, this Court finds it not in the interests of justice to construe Petitioner's recent letter as a petition for review of his removal order by the appropriate court of appeals.  Therefore, the Clerk will not be directed to forward Petitioner's letter to the court of appellate jurisdiction.  However, no statement in this Opinion or accompanying Order shall be construed as preventing him from seeking such review on his own.  This Court expresses no opinion as to the substantive or procedural validity of such petition for review, if Petitioner elects to file it.